FILED
U.S. DISTRICT COURT
BRUNSWICK DIV
2011 JUN 14 PM 2: 59

CLERK _____
SO. DIST. OF GA.

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION**

HORACE TYRONE DOTSON,          :
                               :
            Petitioner,        :
                               :
    v.                         :          CIVIL ACTION NO.: CV210-115
                               :
ANTHONY HAYNES, Warden and     :
UNITED STATES OF AMERICA,      :
                               :
            Respondents.       :

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Horace Dotson ("Dotson"), an inmate currently incarcerated at the Federal Correctional Institution in Jesup, Georgia ("FCI Jesup"), has filed a petition for writ of habeas corpus pursuant to the provisions of 28 U.S.C. § 2241. Respondent filed a Response, and Dotson filed a Traverse. For the following reasons, Dotson's petition should be **DISMISSED**.

## STATEMENT OF THE FACTS

Dotson was convicted, after a jury trial, of possession of ammunition by a convicted felon, in violation of 18 U.S.C. § 922(g)(1). Dotson was sentenced to 188 months' imprisonment, to be followed by four (4) years' supervised release. (Doc. No. 10-4). Dotson filed a direct appeal, and the Eleventh Circuit Court of Appeals affirmed his conviction and sentence. United States v. Dotson, 87 F. App'x 713 (2003) (Table).

Dotson filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255, raising ineffective assistance of counsel claims against his trial and

AO 72A
(Rev. 8/82)

appellate counsel. Dotson did not set forth any objection to his classification as an armed career criminal. (Doc. No. 10-7; Doc. No. 10-9). Dotson's motion was denied.

In the instant petition, Dotson contends that his sentence was illegally enhanced due to: the use of a predicate offense under the Armed Career Offender statute, ineffective assistance of counsel, and retroactively applicable decisions issued by the United States Supreme Court. Dotson also contends that he is actually innocent of his sentence enhancement, and his continued incarceration as a result of this enhancement is a miscarriage of justice.

Respondent asserts that Dotson is not entitled to relief pursuant to the savings clause because he was properly sentenced under the Armed Career Criminal Act ("ACCA") and his claims were not foreclosed by circuit precedent at the time of his sentencing, appeal, or section 2255 motion.

## DISCUSSION AND CITATION TO AUTHORITY

Ordinarily, an action in which an individual seeks to collaterally attack his conviction should be filed under 28 U.S.C. § 2255 in the district of conviction. 28 U.S.C. § 2255; Sawyer v. Holder, 326 F.3d 1363, 1365 (11th Cir. 2003). However, in those instances where a section 2241 petition attacking custody resulting from a federally imposed sentence is filed, those § 2241 petitions may be entertained where the petitioner establishes that the remedy provided under 28 U.S.C. § 2255 "is inadequate or ineffective to test the legality of his detention." Wofford v. Scott, 177 F.3d 1236, 1238 (11th Cir. 1999). Section 2255 provides:

> An application for a writ of habeas corpus [pursuant to 28 U.S.C. § 2241] in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the

2

> court which sentenced him, or that such court has denied him relief,
> *unless it also appears that the remedy by motion is inadequate or*
> *ineffective to test the legality of his detention.*

28 U.S.C. § 2255(e) (emphasis supplied). The petitioner bears the initial burden of presenting evidence that affirmatively shows the inadequacy or ineffectiveness of the § 2255 remedy. Ramiro v. Vasquez, 210 F. App'x 901, 904 (11th Cir. 2006).

Dotson has styled his action as a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241. Dotson asserts that the remedy afforded by section 2255 is inadequate or ineffective because circuit law foreclosed his claims in his § 2255 motion. Dotson asserts that his claims address the fundamental legality of his sentence, and serious constitutional issues might arise if he is prevented from bringing a successive § 2255 motion.

Courts which have addressed whether remedies under § 2255 are inadequate or ineffective have found them to be so in very limited circumstances. See In re Dorsainvil, 119 F.3d 245, 248-49 (3d Cir. 1997) (holding that § 2255 remedy inadequate when intervening change in law decriminalizes conduct and defendant is barred from filing successive motion); Cohen v. United States, 593 F.2d 766, 771 n.12 (6th Cir. 1979) (holding that § 2255 remedy ineffective where defendant was sentenced by three courts, none of which could grant complete relief); Stirone v. Markley, 345 F.2d 473, 475 (7th Cir. 1963) (explaining that § 2255 remedy potentially ineffective where sentencing court refused to consider a § 2255 motion or unreasonably delayed consideration of motion); Spaulding v. Taylor, 336 F.2d 192, 193 (10th Cir. 1964) (holding that § 2255 remedy ineffective when sentencing court was abolished).

3

To successfully use a § 2241 petition to circumvent the procedural restrictions of a § 2255 motion, a petitioner must satisfy the savings clause of § 2255. The savings clause of § 2255:

> applies to a claim when: 1) that claim is based upon a retroactively applicable Supreme Court decision; 2) the holding of that Supreme Court decision establishes the petitioner was convicted for a nonexistent offense; and 3) circuit law squarely foreclosed such a claim at the time it otherwise should have been raised in the petitioner's trial, appeal, or first § 2255 motion.

Wofford, 177 F.3d at 1244.

The Government concedes that Johnson v. United States, ___ U.S. ___, 130 S. Ct. 1265 (2010), is retroactively applicable to cases on collateral attack. (Doc. No. 10, p. 10). Thus, the Court need not address this prong of the Wofford test further. However, Dotson fails to present evidence that he was convicted of a non-existent offense or that he was foreclosed on a previous occasion from making the same allegations as he does in the instant petition. Further, despite Dotson's contention to the contrary, the restrictions applicable to the filing of a second or successive § 2255 motion do not render that statute's remedy inadequate or ineffective to allow a petitioner to attack his sentence enhancement under the ACCA pursuant to section 2241. Gilbert v. United States, No. 09-12513, ___ F.3d ___, 2011 WL 1885674, at *19 (11th Cir. May 19, 2011) (citing In re Davenport, 147 F.3d 605, 607 (7th Cir. 1998), with approval, for the proposition that a petitioner cannot be allowed to file a second or successive motion under § 2241 to challenge his sentence based on a claim he was innocent of being an armed career criminal and that allowing this practice would "make an arbitrary hole" in the Anti-terrorism and Effective Death Penalty Act of 1996). In sum, Dotson has not satisfied the requirements of § 2255's savings clause, and thus, cannot "open the portal"

AO 72A
(Rev. 8/82)

to argue the merits of his claim. See Wofford, 177 F.3d at 1244 & n.3; see also Dean v. McFadden, 133 F. App'x 640, 642 (11th Cir. 2005) (noting that all three requirements of the Wofford test must be satisfied before section 2255's savings clause is satisfied).

Dotson cannot circumvent the requirements for § 2255 motions by styling his petition for habeas corpus as being filed pursuant to § 2241. "[W]hen a federal prisoner's claims fall within the ambit of § 2255, the prisoner is subject to that section's restrictions." Medberry v. Crosby, 351 F.3d 1049, 1061 (11th Cir. 2003). Dotson is doing nothing more than "attempting to use § 2241. . . to escape the restrictions of § 2255." Wofford, 177 F.3d at 1245.

### CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Dotson's petition for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2241, be **DISMISSED**.

**SO REPORTED** and **RECOMMENDED**, this _14th_ day of June, 2011.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev. 8/82)