FILED
U.S. DISTRICT COURT
BRUNSWICK DIV.
2014 AUG -2 PM 5: 01
CLERK
SO. DIST. OF GA

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

HORACE TYRONE DOTSON,

　　　　Petitioner,

v.　　　　　　　　　　　　　　　　CIVIL ACTION NO.: CV210-115

ANTHONY HAYNES, Warden and
UNITED STATES OF AMERICA,

　　　　Respondents.

## ORDER

After an independent and *de novo* review, the undersigned concurs with the Magistrate Judge's Report and Recommendation, to which Objections have been filed. In his Objections, Petitioner Horace Dotson ("Dotson") avers that he was convicted of a non-existent offense, as his conviction for battery under Florida law no longer qualifies as a crime of violence for sentence enhancement purposes. Dotson contends that his enhanced sentence of 188 months' imprisonment exceeds the statutory maximum[1] of ten years' imprisonment. Dotson received an enhanced sentenced as an armed career criminal pursuant to U.S.S.G. § 4B1.4(a) and 18 U.S.C. § 924(e). (Pre-Sentence Investigation Report, p. 5).

In Gilbert v. United States, 640 F.3d 1293 (11th Cir. 2011) (*en banc*), the Eleventh Circuit majority determined "the savings clause of § 2255(e) does not permit a

---

[1] A violation of § 922(g)(1) carries a statutory penalty of imprisonment for not more than 10 years. 18 U.S.C. § 924(a)(2).

AO 72A
(Rev. 8/82)

prisoner to bring in a § 2241 petition a guidelines miscalculation claim that is barred from being presented in a § 2255 motion by the second or successive motions bar of § 2255(h)."[2] 640 F.3d at 1312. "A defendant who is convicted and then has the § 4B1.1 career offender enhancement, or *any other guidelines enhancement*, applied in the calculation of his sentence has not been convicted of being guilty of the enhancement." Id. at 1320 (Emphasis supplied). "[F]or claims of sentence error, at least where the statutory maximum was not exceeded, the point where finality holds its own against error correction is reached not later than the end of the first round of collateral review." Id. at 1312. "[T]he savings clause does not apply to sentencing claims . . . where the sentence imposed was within the statutory maximum." Id. at 1315.

Like the petitioner in Gilbert, Dotson was neither charged with, nor was he convicted of, being a career offender. "If guidelines enhancements were crimes, they would have to be charged in the indictment and proven to the jury beyond a reasonable doubt." Id. at 1320 (citing United States v. Kenney, 391 F. App'x 169, 172 n.2 (3d Cir. 2010) ("The career offender enhancement is not a separate offense, however[, i]f it were, its elements would need to be proven to a jury beyond a reasonable doubt."). Dotson's "position turns on treating sentences as convictions, and an argument that depends on calling a duck a donkey is not much of an argument." Id..

Dotson's Objections are **overruled**. The Magistrate Judge's Report and Recommendation, as supplemented herein, is adopted as the opinion of the Court.

---

[2] "A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain-- (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h).

2

Dotson's petition for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2241, is **DISMISSED**. The Clerk of Court is directed to enter the appropriate judgment of dismissal.

**SO ORDERED**, this 2 day of August, 2011.

LISA GODBEY WOOD, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

AO 72A
(Rev. 8/82)